JOB TURNER, plaintiff in error, vs. HENRY B. JONES, and others, defendants in error.

[1.] If the bill states a title in the plaintiff, and alleges that a discovery is necessary to establish that title, a demurrer on the ground that there is an adequate remedy at law is not sustainable.

[2.] Turner filed his bill against Joiner and Spicer, and against Hodges and others, in which, he alleged, that a lot of land, drawn by Jones, was sold under a *fi. fa.* against Jones, and bought by Hodges,—that the Sheriff made a deed to Hodges, but that this deed had been burned with the Court-House ; that Hodges sold the land to Turner, and that afterwards Jones, thinking to take advantage of the destruction of the deed, also bought the land, and put Spicer in possession of it, as his tenant. The bill also alleged, that a discovery was necessary, to enable the plaintiff to prove these *allegations.* It prayed, that the deed might be established, and that the land be delivered to Turner, and the rents accounted for to him.

*Held*, That Joiner and Spicer were proper parties to the bill.

In Equity, from Schley county. Decision on demurrer, by Judge WORRILL, at August Term, 1858.

This was a bill by Job Turner, against Henry B. Jones, John Joiner, Cullen R. Lockett, John Hodges, and Winstead Spicer, to establish a lost deed, and for an account and relief.

The bill states that Henry B. Jones was the drawer of lot of land No. 132, in the third district of originally Muscogee, now

Marion county, to whom a grant from the State issued: That afterwards, in 1838, a *fi. fa.* issued against Jones, from a Justices Court in Meriwether county, and transferred to Marion county, and levied upon said lot of land as the property of Jones. Levy dated 22d March, 1842, and said lot of land sold on the first Tuesday in May, 1842, by said Cullen R. Lockett, Sheriff of said county, to said John Hodges, for the sum of fourteen dollars, who executed to him a deed for the same.

The bill further states, that at the time of the execution of said deed by the Sheriff to Hodges, the said deed and execution were handed to the Clerk of the Superior Court of Marion county, who duly recorded the same; but that said originals and record were afterwards destroyed by the burning of the Court House of said county, in 1845.

The bill further states, that Hodges sold said lot of land to plaintiff on the 15th day of December, 1851, and executed and delivered his warrantee deed for the same. That John Joiner pretends to have title to said lot of land, and claims the same, and has placed Winstead Spicer in possession thereof, as his tenant. That at the time Joiner purchased said lot, he knew that plaintiff had a good title to the same, and was in possession thereof; but knowing that said execution and deed had been destroyed by fire, as before stated, he purchased with the intention to defraud plaintiff.

The bill states, that plaintiff has no means of establishing the foregoing facts but by a discovery from said parties—defendants.

The prayer of the bill is, that copies of said destroyed *fi. fa.* and deed be set up and established by a decree of this Court, in lieu of the originals so destroyed; that said Joiner, his assigns and tenants, be compelled and decreed to deliver to plaintiff, the possession of said lot of land, and account for the rents and profits of the same.

Defendants demurred to this bill, on the grounds:

1st. Because plaintiff had full and adequate remedy at law

2d. Because of a misjoinder of parties.

After argument, the Court sustained the demurrer and dismissed the bill, and plaintiff excepted.

BLANDFORD & CRAWFORD, for plaintiff in error.

W. D. ELAM, *contra.*

*By the Court.*—BENNING J. delivering the opinion.

Was the Court right in sustaining the demurrer?

The grounds of the demurrer were two. 1st. That there was an adequate remedy at law. 2d. That Joiner and Spicer were improperly joined with the other defendants.

[1.] The bill states facts which make out a right in the plaintiff, to the relief he asks for; and it says, that he has no means of establishing these facts, except a discovery from the defendants. If this allegation be true, there is no adequate remedy at law—the discovery-act left out of the question, as by its own terms, it has to be. And the bill being demurred to, we have to take the allegation as true.

The first ground of the demurrer, then, was not good.

[2.] Was the second, good? That was, a misjoinder of parties; that Joiner and Spicer were improper parties defendants.

First, as to Joiner.

The bill alleges, that the land was sold under a *fi. fa.* against the drawer, Jones, and bought by Hodges; and, that the deed made by the Sheriff, to Hodges, was burned. That Hodges sold the land to Turner, the plaintiff,—that afterwards, Joiner, thinking to take advantage of the destruction of the Sheriff's deed, also bought the land, and put Spicer in possession of it as his tenant.

If these allegations are true, Turner is entitled to have the destroyed deed established, and also, to recover possession of the land with the rents. And these things are what the bil

prays for.   It is, therefore, highly to the interest of Joiner, to show, that they are not true.   But this he cannot do, without being a party to the bill.   He, therefore, ought to be a party to the bill.   2 *Danl. Ch. Pr.* 373.

Again, Hodges having had his deed burnt, and not being able to prove the deed, and the other facts of his case, without a discovery, has the right to go into equity against *Joiner to get possession of the land and the rents.*   Now, suppose we admit it to be true, that Joiner and Spicer ought not to be joined with Hodges, and the other defendants, yet it would be for the *plaintiff,* to say which of these two sets of defendants, he would strike from his bill, and will Joiner think it to his interest, that himself and Spicer should be retained, and Hodges and the other defendants rejected?   We hardly suppose that he will; what he wants is, that he and Spicer shall be dismissed from the bill, but whether he will get that or not, even if he is right in his view of the law, will depend on the plaintiff.

For aught that we can see, Joiner was a proper party to the bill.

And if it be true, that Joiner was a proper party to the bill, it must be true that Spicer was, for Spicer was but the tenant of Joiner.

We think, then, that the second ground of the demurrer, was like the first, invalid.   Consequently, we think the Court below erred in sustaining the demurrer.

Judgment reversed.